SYLVIA MARIE BURRELL BUCK, PLAINTIFF-APPELLANT v. TWEETSIE RAILROAD, INC., AND GOFORTH BROTHERS, INC., DEFENDANTS-APPELLEE

No. 7828SC916

(Filed 15 January 1980)

**Negligence § 29.2 — amusement park device — failure to warn patrons of danger — genuine issues of fact**

    In an action to recover for injuries sustained by plaintiff while she was bouncing on a "moonwalk" at defendant's amusement park, the trial court erred in entering summary judgment for defendant amusement park and defendant seller and installer of the "moonwalk" where there were genuine issues of material fact as to whether (1) defendant amusement park's failure to get adequate information as to the danger involved in bouncing on a "moonwalk" and its failure to warn or instruct plaintiff as to bouncing on the "moonwalk" was a failure to do something a reasonable man would have done which was a proximate cause of injury to plaintiff, and (2) defendant seller's failure to procure adequate information about the dangerous propensities of the "moonwalk" and/or its failure to warn defendant amusement park of those propensities was a failure to do something a reasonable man would have done which was a proximate cause of injury to plaintiff.

    Judge MITCHELL concurs in the result.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 9 May 1978 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 12 June 1979.

This is an action for personal injury to the plaintiff, which injury occurred while she was in a moonwalk on the premises of defendant Tweetsie. A moonwalk is a balloon type amusement device. It has a lower chamber which when inflated provides a soft, undulating floor cushion approximately three feet deep which simulates the sensation of weightlessness. The moonwalk has an upper chamber, which when inflated provides the room in which the patrons move. The moonwalk contains no internal or

external support devices and is secured by nylon ropes attached to the ground. Plaintiff alleged that Tweetsie "negligently failed to post instructions concerning the use of said device and failed and neglected to provide counsellors, guides and instructors in the proper use of the said device," "negligently failed to counsel and advise plaintiff in the use of said device, its dangers and hazards" and "negligently failed and neglected to maintain adequate supervision over the maintenance, use and operation of the said device." She alleged that defendant Goforth "negligently placed the said device in operation without causing to be posted thereon adequate instructions concerning the use of said device . . . ."

According to affidavits filed in the case, defendant Goforth sold the moonwalk to Tweetsie. Employees of Goforth installed it on 10 June 1971 on the premises of Tweetsie and instructed the employees of Tweetsie in its maintenance and use. From that date to the time of the accident, Goforth had nothing further to do with the moonwalk. On 19 June 1971, plaintiff and several other persons were paying customers using the moonwalk. Plaintiff stated in an affidavit that she was told by a man at the entrance to the moonwalk to take off her shoes, to remove any sharp objects from her pockets, and not to bounce within five feet of anyone else. There was not a posted sign giving any instructions as to the use of the moonwalk. In a deposition plaintiff stated "then I started bouncing around and I bounced up in the air and turned a flip . . . then I started bouncing and landed on my backside and the second time I bounced or the third time I just landed and couldn't get up." Plaintiff suffered a serious injury.

Tom Thrailkill, the Metropolitan Coordinator of Physical Education of the Y.M.C.A. of Asheville and Buncombe County, made an affidavit in which he stated that he held a bachelor's degree from Miami University and had been actively engaged in physical education programs since August 1952; that he had worked directly or indirectly with trampoline instruction since 1953; that a trampoline should not be used as an unsupervised activity; a trampoline requires instruction by experienced trampoline instructors who themselves have been trained to teach the proper use of the apparatus; that most injuries which occur during the use of a trampoline are from landing in an improper posi-

tion on the bed of the apparatus itself; that a person has to be taught how to jump up and down on a trampoline and how to stop properly; and loss of control of balance in the air adversely affects landing on the device and therefore can cause injury to the jumper. There was no evidence that either of the defendants was aware of the dangers in using a trampoline or a moonwalk.

The defendants moved for summary judgment and relied on the plaintiff's deposition and affidavits in support of the motion. The plaintiff filed affidavits in opposition. From the granting of summary judgment for both defendants, the plaintiff appealed.

*McLean, Leake, Talman, Stevenson and Parker, by Joel B. Stevenson, for plaintiff appellant.*

*Roberts, Cogburn and Williams, by Landon Roberts, for defendant appellee Tweetsie Railroad, Inc.*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr., for defendant appellee Goforth Brothers, Inc.*

WEBB, Judge.

The plaintiff assigns as error the granting of the motion for summary judgment. In regard to summary judgments, G.S. 1A-1, Rule 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Our Supreme Court has interpreted this section in *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979) to mean that if the moving party forecasts such evidence as would require a directed verdict for the movant at trial, the party opposing the motion must file papers which forecast evidence which would prevent a directed verdict at trial in order to prevent summary judgment in favor of the movant. Using this test, we must determine if the evidence as forecast by the papers filed in this case would require directed verdicts for the defendants.

The plaintiff suffered a serious injury while bouncing on a moonwalk. She had received no warning of danger and no instruc-

tions as to how to land while bouncing except she was told to take off her shoes, remove sharp objects from her pockets, and not to bounce within five feet of any other person. Mr. Tom Thrailkill's affidavit was to the effect that it is dangerous for a person to bounce on a trampoline without training as to proper landing. The question as to each defendant is if the jury should find that the plaintiff was injured on the moonwalk because she was not warned of its dangers or instructed in its use, could the jury find that the injury was proximately caused by the failure of the defendant to do something that a reasonable man would have done. *See Electric Co. v. Dennis*, 255 N.C. 64, 120 S.E. 2d 533 (1961) for a definition of negligence.

As to defendant Tweetsie, we hold that if the jury should believe Mr. Thrailkill as to the dangers in using a trampoline; and if they should find that Tweetsie purchased the moonwalk and had it installed on Tweetsie's premises without getting proper information as to the dangerous propensities of the moonwalk; and if it failed to warn plaintiff of the danger of bouncing on the moonwalk without proper instruction; and she was injured while bouncing on the moonwalk, this is evidence from which the jury could conclude that Tweetsie's failure to get adequate information as to the danger involved in bouncing on a moonwalk and its failure to warn or instruct the plaintiff as to bouncing on the moonwalk was a failure to do something a reasonable man would have done which was a proximate cause of injury to the plaintiff. It was error to grant the motion for summary judgment in favor of Tweetsie.

As to the defendant Goforth, we hold that if the jury should believe Mr. Thrailkill as to the dangers in using a trampoline; and if they should find that Goforth sold the moonwalk to Tweetsie without knowing its dangerous propensities and/or without warning Tweetsie of its dangerous propensities; and the plaintiff was injured while bouncing on the moonwalk, this is evidence from which the jury could conclude defendant Goforth's failure to procure adequate information about the dangerous propensities of the moonwalk and/or its failure to warn Tweetsie of these propensities is evidence from which the jury could conclude defendant Goforth failed to do something a reasonable man would have done which was a proximate cause of injury to the plaintiff. It was er-

ror to grant the defendant Goforth's motion for summary judgment.

The defendants argue that Mr. Thrailkill gave expert testimony as to a trampoline, and the plaintiff was not injured on a trampoline. Defendants contend his testimony should not be considered. We believe the answer to this argument is that, assuming a moonwalk is not a trampoline in the sense that the physical principles used by a trampoline to propel a person upward are not used by a moonwalk, it is not the cause of the bounce that is the danger. The danger at which Mr. Thrailkill's affidavit is directed is the propelling a person upward without training as to how to fall.

Appellant has also assigned as error the refusal of the court to allow her to amend her complaint to allege with more specificity the negligence of Tweetsie. We believe the plaintiff has sufficiently alleged negligence on the part of each defendant to offer proof of her claim. In light of this we do not disturb the ruling of the superior court denying the motion to amend the complaint.

Reversed and remanded.

Judge MARTIN (Robert M.) concurs.

Judge MITCHELL concurs in the result.